IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEBORAH STEVENS, Trustee for Central Texas
Liberty Media Holdings,
                        Plaintiff,

-vs-                                                  Case No. A-15-CA-257-SS

CALVARY CHAPEL OF TWIN FALLS, INC., an
Idaho Corporation,
                        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Deborah Stevens's Complaint [#1], Plaintiff's Motion for Temporary Restraining Order [#2], Plaintiff's Motion for Preliminary Injunction [#3], Plaintiff's Motion for Permanent Injunction [4], and Plaintiff's Brief in Support [#5]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion for temporary restraining order.

### Background

Plaintiff Deborah Stevens,[1] as trustee for Central Texas Liberty Media Holdings, filed this

---

[1] This case is not Stevens's first lawsuit with this Court. In 2009, she was one of four plaintiffs to sue an agent of the Federal Communications Commission (FCC). See Kelton v. Lee, No. 1:09-CV-918-SS (W.D. Tex. 2009) (First Lawsuit). The FCC had previously contacted each of the plaintiffs to notify them that the radio signals transmitting from their residences in Austin, Texas, on frequency 90.1 MHZ exceeded the limits for non-licensed operation in violation of federal law. See Order of Jan. 26, 2010 [#9] at 1–4, First Lawsuit. The plaintiffs responded by suing the FCC agent who signed the notification letters, seeking to enjoin him from "exerting or purporting to act in the name of and in the authority of the FCC (until such time as he proves up his agency for the FCC), and to enjoin the FCC from preventing Plaintiffs from engaging in the broadcasting of radio communications within the borders of the state of Texas, until such time as the FCC demonstrates actual harm to interstate commerce due to Plaintiffs' acts." Id. at 7–8. The Court dismissed the lawsuit for lack of subject matter jurisdiction and cautioned the plaintiffs to read and review Rule 11 before

pro se lawsuit against Defendant Calvary Chapel of Twin Falls, Inc. (Calvary Chapel), and she poses the following question as her "General Theme": "May an fcc 'licensee,' whether determined to be acting alone or in concert, league, combination, and conspiracy with the fcc, steal an FM frequency in a particular market from the (well-established) independent owner, possessor, occupier, controller, and/or exclusive user of that frequency in that market?" Compl. [#1] at 1. While not entirely clear, Stevens seems to allege the FCC has granted a license to Defendant to broadcast over frequency 90.1 MHZ in Austin, Texas, and Defendant's broadcasts over that frequency are now interfering with Stevens's broadcasts. Stevens apparently disputes the FCC's authority to issue licenses. *See id.* at 6 ("it's precisely because this is **not** a (compelled) communistic system but rather a 'federal,' as in 'by (commercial) agreement' system, that the *fcc* **actually owns *nothing***, and, **therefore**, has *no ownership interest to transfer* at any time, period."). According to Stevens, "[t]hose who buy into the communist plan of centralized control and censorship of (transportation and) communications may certainly do so, but that's 100% (commercially) discretionary." *Id.* Stevens seems to consider 90.1 MHZ her property and rejects the FCC's authority "to do anything with 90.1 in the Austin market." *Id.* at 6–7.

---

filing any other lawsuits. *Id.* at 11. Subsequently, on December 20, 2010, the FCC filed an enforcement action against the Stevenses (both Deborah and Jerry)in this Court pursuant to 47 U.S.C. § 504(a). *See United States v. Stevens*, No. 1:10-CV-964-SS (W.D. Tex. 2010) (Second Lawsuit). The Stevenses raised various legal challenges to enforcement of the forfeiture order, which this Court determined it lacked jurisdiction to consider. Based on the undisputed facts, this Court entered a final judgment in the amount of $10,000 in favor of the United States on June 23, 2011. The Fifth Circuit affirmed. *United States v. Stevens*, 691 F.3d 620 (5th Cir. 2012). On January 7, 2014, the Stevenses filed a habeas corpus petition, arguing they were in "custody" or subject to "restraint" because the Government was attempting to enforce this Court's judgment and collect the $10,000 it was owed. *See Stevens v. Wheeler*, No. 1:14-CV-13-SS (W.D. Tex. 2013) (Third Lawsuit). The Court determined: "This action is wholly frivolous, has no basis in law (or, so far as the Court can tell, in reality), and was plainly filed for purposes of delay and harassment." Order of Jan. 10, 2014 [#3] at 2, Third Lawsuit. The Court, pursuant to Rule 11, ordered the Stevenses to withdraw their frivolous application and voluntarily dismiss the case within twenty-one days or incur possible sanctions. *Id.* The Stevenses did not comply, and the Court ordered, in addition to the underlying judgment, the United States have judgment of and be authorized to collect fees and costs in sanctions of $1,268.01 plus interest. Order of Mar. 18, 2014 [#10] at 1, Third Lawsuit. The Court dismissed the case with prejudice. *Id.* at 2.

Along with her complaint, Stevens has filed a motion for temporary restraining order (TRO), a motion for preliminary injunction (PI), and a motion for permanent injunction. Through her various requests for injunctive relief, Stevens essentially seeks to prohibit Defendant's use of and broadcasting on 90.1 FM in Austin. *Id.* at 45. Stevens also seeks one million dollars in actual damages and one million dollars in punitive damages. *Id.* at 44.

## Analysis

### I.     Legal Standard—TROs and PIs

Issuing a TRO or a PI is an "extraordinary and drastic remedy." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (internal quotation omitted). A TRO should issue only if the alleged harm is "immediate and irreparable." FED. R. CIV. P. 65(b). The Court may issue such extraordinary relief if the movant establishes "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (internal quotation omitted). Because TROs and PIs are extraordinary remedies, the movant must "clearly carr[y] the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotations omitted).

### II.    Application

Stevens has wholly failed to meet her burden and convince the Court injunctive relief is an appropriate remedy at this stage of the litigation. In particular, she fails to show a substantial likelihood of success on the merits. As far as the Court can tell, Stevens is complaining about

Defendant Calvary Chapel's broadcasting over 90.1 FM in Austin even though the FCC has granted Calvary Chapel a license to do so. Stevens relatedly objects to the FCC's authority to issue licenses for radio broadcasts, but she has failed to name the FCC as a defendant. Upon first review, Stevens's complaint strikes the Court as entirely frivolous, and while there are a multitude of reasons for its frivolity, the Court notes only one. To the extent Stevens challenges the FCC's issuance of a license to Calvary Chapel (and Calvary Chapel's compliance with the license), this Court does not have the power to decide such an issue. Federal law gives the court of appeals exclusive jurisdiction to review all final orders of the FCC. *See* 47 U.S.C. § 402(a); 28 U.S.C. § 2342(1) (providing "the court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the [FCC] made reviewable by section 402(a) of title 47").

## Conclusion

For now, the Court simply denies Plaintiff's request for a TRO and defers ruling on the motions for preliminary and permanent injunctions until Defendant Calvary Chapel has been served and allowed an opportunity to respond.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order [#2] is DENIED.

SIGNED this the 7th day of April 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE