FILED
2015 JUN 25  AM 9:29
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
     DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEBORAH STEVENS, Trustee for Central Texas Liberty Media Holdings,<br>         Plaintiff,<br>V.<br><br>CALVARY CHAPEL OF TWIN FALLS, INC., an Idaho Corporation,<br>         Defendant. | A-15-CV-257-SS |

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically Plaintiff Deborah Stevens' Complaint [Dkt. #1], Defendant Calvary Chapel of Twin Falls, Inc. ("Calvary Chapel")'s Motion to Dismiss [Dkt. #12], Plaintiff's Motion for Entry of Default against Calvary Chapel [Dkt. #14] and Motion for Default Judgment [Dkt. #15], Calvary Chapel's Response to the Motions for Entry of Default and Default Judgment [Dkt. #17], Plaintiff's Motion for Extension of Time to File Reply to Response to Motion for Entry of Default and Default Judgment and Extension of Time to File Response to Motion to Dismiss [Dkt. #18], Plaintiff's Response to Motion to Dismiss [Dkt. #19], Plaintiff's Reply in support of the Motion for Default Judgment [#20], and Plaintiff's Motion to Amend Complaint [#21].

Plaintiff's Complaint and her proposed Amended Complaint both revolve around her contention that Calvary Chapel, an organization she admits is licensed by the FCC to broadcast on frequency 90.1 FM, has conspired with the FCC to "steal" this radio frequency from Plaintiff. [Dkt. #1] at 1.[1]  Plaintiff asserts this Court has federal question jurisdiction, diversity jurisdiction, and even admiralty jurisdiction over her claim. *Id.* at 4-5.

---

[1] Plaintiff's Amended Complaint is substantively similar to her Complaint, but seeks to join the FCC and various officials as defendants in order to assert a direct challenge to the FCC's regulations concerning radio

1

Plaintiff is well aware from this Court's prior orders in this case, as well as her extensive prior history of litigating the issue of whether she can broadcast on frequency 90.1 FM without an FCC license,[2] that these claimed jurisdictional foundations are nonsense. "Federal law gives the court of appeals *exclusive jurisdiction* to review all final orders of the FCC." Order of April 7, 2015 [Dkt. #8] at 4 (emphasis added) (citing 47 U.S.C. § 402(a); 28 U.S.C. § 2342(1)). This Court has no jurisdiction to determine whether the FCC properly licensed Calvary Chapel to broadcast on frequency 90.1 FM. *Id.* Furthermore, three lawsuits before this Court and one appeal before the Fifth Circuit (affirming this Court's decision) have uniformly resulted in the

---

frequency licensing. *See generally* [Dkt. #21]. Plaintiff's proposed Amended Complaint is futile because it does not cure the fatal deficiencies in her claims. Joining the FCC to this suit alleging FCC misconduct may satisfy the basic requirement that all necessary parties participate in the suit, FED. R. CIV. P. 19, but it does nothing to cure the fact, discussed in detail below, that this Court has no jurisdiction over Plaintiff's complaints against the FCC and has already unfavorably adjudicated Plaintiff's claimed right to use 90.1 FM without an FCC license on multiple occasions.

[2] This case is not Stevens's first lawsuit with this Court. In 2009, she was one of four plaintiffs to sue an agent of the Federal Communications Commission (FCC). *See Kelton v. Lee*, No. 1:09-CV-918-SS (W.D. Tex. 2009) (First Lawsuit). The FCC had previously contacted each of the plaintiffs to notify them that the radio signals transmitting from their residences in Austin, Texas, on frequency 90.1 MHZ exceeded the limits for non-licensed operation in violation of federal law. See Order of Jan. 26, 2010 [#9] at 1-4, First Lawsuit. The plaintiffs responded by suing the FCC agent who signed the notification letters, seeking to enjoin him from "exerting or purporting to act in the name of and in the authority of the FCC (until such time as he proves up his agency for the FCC), and to enjoin the FCC from preventing Plaintiffs from engaging in the broadcasting of radio communications within the borders of the state of Texas, until such time as the FCC demonstrates actual harm to interstate commerce due to Plaintiffs' acts." *Id.* at 7-8. The Court dismissed the lawsuit for lack of subject matter jurisdiction and cautioned the plaintiffs to read and review Rule 11 before filing any other lawsuits. *Id.* at 11.

Subsequently, on December 20, 2010, the FCC filed an enforcement action against the Stevenses (both Deborah and Jerry) in this Court pursuant to 47 U.S.C. § 504(a). *See United States v. Stevens*, No. 1: 10-CV-964-SS (W.D. Tex. 2010) (Second Lawsuit). The Stevenses raised various legal challenges to enforcement of the forfeiture order, which this Court determined it lacked jurisdiction to consider. Based on the undisputed facts, this Court entered a final judgment in the amount of $10,000 in favor of the United States on June 23, 2011. The Fifth Circuit affirmed. *United States v. Stevens*, 691 F.3d 620 (5th Cir. 2012).

On January 7, 2014, the Stevenses filed a habeas corpus petition, arguing they were in "custody" or subject to "restraint" because the Government was attempting to enforce this Court's judgment and collect the $10,000 it was owed. *See Stevens v. Wheeler*, No. 1:14-CV-13-SS (W.D. Tex. 2013) (Third Lawsuit). The Court determined: "This action is wholly frivolous, has no basis in law (or, so far as the Court can tell, in reality), and was plainly filed for purposes of delay and harassment." Order of Jan. 10, 2014 [#3] at 2, Third Lawsuit. The Court, pursuant to Rule 11, ordered the Stevenses to withdraw their frivolous application and voluntarily dismiss the case within twenty-one days or incur possible sanctions. *Id.* The Stevenses did not comply, and the Court ordered, in addition to the underlying judgment, the United States have judgment of and be authorized to collect fees and costs in sanctions of $1,268.01 plus interest. Order of Mar. 18, 2014 [#10] at 1, Third Lawsuit. The Court dismissed the case with prejudice. *Id.* at 2.

unequivocal holding that Plaintiff ***does not*** have the right to broadcast any signal in excess of 250 microvolts per meter at a distance of three meters on frequency 90.1 FM without a license from the FCC. *See* note 2, *supra*; *see also* 40 C.F.R. § 15.239.

That Plaintiff now attempts to assert a nonexistent ownership interest in 90.1 FM as a "Trustee" instead of as an individual,[3] suing a licensee of the FCC instead of the FCC itself, does not destroy the res judicata effect of these prior rulings. *Test Masters Educational Services v. Singh, et al.* 428 F. 3d 559, 571 (5th Cir. 2005) (res judicata applies where parties are the same or ***in privity with*** the parties to the prior suit). This is a suit between Deborah Stevens, who has sued in the past to enjoin the FCC licensing requirements and to obtain the right to unlicensed use of 90.1 FM on multiple occasions, and Calvary Chapel, a licensee of the FCC, the defendant whom Stevens has previously sued in this very court over these very issues. *See id.* This lawsuit marks the ***fourth time*** Plaintiff has asked this Court to issue rulings concerning FCC actions that are entirely beyond its jurisdiction. *See* note 2, *supra*. This case marks the ***fourth time*** Plaintiff has attempted to claim some ownership of the frequency 90.1 FM in defiance of FCC licensing regulations, and in complete disregard of the proper administrative and legal channels for bringing challenges to those regulations. *Id.*

Even more important to the Court's analysis, this is the ***second time*** Plaintiff has attempted an "end run" around the procedural and jurisdictional challenges to her claims by dragging a private party into litigation as a defendant in furtherance of her crusade against the FCC licensing regulations. *Id.* Previously, she sued an individual FCC agent who was

---

[3] The Court specifically notes that, to the extent Plaintiff purports to represent the interests of a Trust, she is not a lawyer and cannot provide *pro se* representation of any interests but her own. *See In re Liberty Trust Co.*, 130 B.R. 467, 468 (W.D. Tex. 1991) (finding the right to appear *pro se* is personal and rejecting a non-lawyer trustee's argument that he could appear on behalf of the trust) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987)).

3

performing his official duties. *Id.* She is now suing an organization she admits is licensed by the FCC to use frequency 90.1 FM. Compl. [Dkt. #1] at 1, 6. Plaintiff has made it abundantly clear she "hasn't even started good on the pleadings" in this case. [Dkt. #19] at 3. She anticipates pleading amendments, discovery, appeals, and remand—a long, expensive, and ultimately abusive litigation process for Calvary Chapel, whom Plaintiff has only alleged obtained and made use of an FCC license to broadcast on 90.1 FM. Compl. [Dkt. #1] at 1, 6.

Plaintiff's specific intent to abuse the litigation process to harass, burden, and impose unnecessary costs on Calvary Chapel is demonstrated by her Motion for Default Judgment [Dkt. #20]. Plaintiff moved for default based on an alleged lack of timely service of Calvary Chapel's Motion to Dismiss. [Dkt. #14, 15]. Calvary Chapel responded that it had in fact timely responded and had attempted to serve Plaintiff at the address on file with the Court, but it was informed by the U.S. Postal Service that "no such number" exists. [Dkt. #17] at 2. On receiving notice that the Motion to Dismiss was undeliverable, Defendants incurred the time and expense of performing a background check on Plaintiff to find a valid address for her, and re-served her at this address. *See* Response [Dkt. #17], at 5-6.

The apparently nonexistent address on the Certificate of Service for Calvary Chapel's Motion to Dismiss is "1516 South Lamar, No. 112, Austin, TX, 78704," *id.* at 16. This is the address that appears in Plaintiff's signature block on the Complaint [Dkt. #1] and at Exhibits P-104, P-105, P-106, P-108, attached by Plaintiff to her Original Complaint as evidence of correspondence with Calvary Chapel regarding 90.1 FM. *Id.* It is also the address that Plaintiff includes in her signature block in her Reply in support of her Motion for Default Judgment. [Dkt. #20] at 2. In that Reply, "Plaintiff in no way withdraws her Motion regarding default. Whether Service is part and parcel of the timely response is at issue . . . ." *Id.* Plaintiff makes no

4

attempt to explain why Defendants' attempt to accomplish service at 1516 South Lamar, No. 112, Austin, TX, 78704, the address she herself has held out in the record on multiple occasions, was improper, nor does she address well-settled law that an entry of default and a default judgment are not appropriate when a Defendant has timely filed a Motion to Dismiss. *See* FED. R. CIV. P. 55; FED. R. CIV. P. 12.

Plaintiff's Complaint, Motion for Entry of Default, Motion for Default Judgment, and Motion for Leave to File Amended Complaint are without any arguable basis in law and are therefore entirely frivolous. *See Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) ("A complaint is frivolous if it lacks an arguable basis either in law or in fact."). Because Plaintiff is well aware the District Court is not a proper court in which to challenge FCC licensing rules, her suit against the FCC-licensed user of the frequency 90.1 FM has no proper purpose and represents only harassment and undue burden to the licensee. The Court therefore issues the following order pursuant to Federal Rule of Civil Procedure 11:

IT IS ORDERED that Plaintiff shall have THIRTY (30) DAYS from entry of this order to withdraw her frivolous Complaint and associated motions and voluntarily dismiss this case. If Plaintiff does not comply, strong sanctions may issue, including but not limited to monetary sanctions and an order declaring Plaintiff a vexatious litigant and barring Plaintiff from making any further filings or bringing any new lawsuit in the Western District of Texas without first seeking leave of court.

Signed this the 25th day of June, 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE